Wood, J.
It is provided by section 15 of the act, entitled “ an act relating to juries,” 29 Ohio L. 98, that every prosecuting at lorney, and every defendant, on the trial of an indictment, may challenge peremptorily two of the panel; and if any person, prosecuting in behalf of the state, shall challenge any petit juror, except as aforesaid, he shall immediately assign the cause of such challenge. It would seem to us this language can hardly admit of construction. The words themselves express the legislative intention as clearly as it could be well conveyed.
There was but one indictment, and, on the part of the state, the right of peremptory challenge should have been confined to two, while each of the defendants could, in like manner, legally object to the same number. Had the defendants been separately tried, the indictment would have been separate as to each, Bixby v. State of Ohio, 6 Ohio, 86; and, on every trial, the state’s right to such challenge of two of the jurors would have been legal; but, upon a joint trial, it is otherwise.
• In extending this right of peremptory challenge to six, as claimed by the state, it is our opinion the privileges which the law throws around the accused, to a certain extent, as a shield 234] *for his protection, in the selection of his triers, was clearly invaded, and that the court of common pleas therefore erred.
It is also proper hero to remark, that there is another defect in this record. The names of the grand jurors, who iound the bill, do not appear; neither in the caption, the indictment, nor in any part of the record. It is a well-settled principle, in criminal pleading, that it must appear, in the caption of an indictment, that it was taken upon oath, and that the names of all the jurors by whom taken must be stated. They may be set forth in the indictment itself; but this is not usual. 1 Chit. Crim. L. 202; Stark. Crim. Pl. 261; 2 Hawk. C. 25, sec. 126. In the king’s bench, in making up the record, it seems now not to be necessary to insert the names of the grand jurors in the caption, A3dett’s case in the House of Lords, 1786 ; 1 Saund. 216, note n.; but it is necessa^ they should be returned in the schedule. In this state, it is clear, if the names of the grand jurors do not appear, at least, in some part of the record, a writ of error will undoubtedly lie; though it is probable that, on- motion, a certiorari would be awarded, and the delect cured by the sending up of a new record. Clerical omissions, in criminal cases, are amendable at common *235 law. The same rule prevails as in civil proceedings, in this respect. 6 Ohio, 435 ; Strange, 842; 2 Hawk. 25.
It has been holden by this court, on the circuit, thatthe statute which requires a copy of the -indictment to be given to the accused, twelve hours before he is placed upon his trial, in certain cases, is not complied with, unless such copy contain a caption of the indictment, including the names of the grand jurors, that the accused may have the opportunity to object to the qualifications of those who found the bill; and which he could not do if their names are not disclosed. The State v. Hillman, Logan County Supreme Court, June term, 1840, Lane, C. J., and Wood, J. The judgment, in the case at bar, is reversed, and the cause remanded for a new trial.
Judgment reversed.